IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PIETER SMEENK,

        Plaintiff,

v.

MICHAEL FAUGHT, and THE CITY OF ASHLAND,

        Defendants.

Case No. 1:17-cv-01466-CL

OPINION & ORDER

CLARKE, Magistrate Judge.

This case comes before the Court on Defendant's Motion for Summary Judgment (#30). For the reasons set forth below, Defendant's motion is GRANTED in part and DENIED in part.[1] This case will proceed to trial on the issues of freedom of speech and whistleblower retaliation.

## BACKGROUND

Plaintiff Pieter Smeenk was a licensed engineer on staff at the City of Ashland's Public Works Department for several years. At all times material to this lawsuit, Defendant Michael

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).

Page 1 of 9 – OPINION & ORDER

Faught was the Public Works Director for the City of Ashland and acted as Mr. Smeenk's direct supervisor.

### A. First Alleged Protected Speech and Retaliatory Response

In 2010, Mr. Smeenk's job description was revised to exclude any supervisory authority over other City employees. Mr. Smeenk complained about the proposed reclassification to Mr. Faught and to the City Administrator, but the reclassification proceeded over Mr. Smeenk's objections. Pursuant to the City's grievance process, Mr. Smeenk appealed the issue, but the City Administrator's decision remained final. Mr. Smeenk then notified the Ashland City Council in writing regarding his employment reclassification. In response, the Ashland City Attorney issued a cease and desist letter to Mr. Smeenk.

The first allegedly protected speech at issue in this case occurred thereafter when Mr. Smeenk sent an email to the Oregon State Board of Examiners for Engineering and Land Surveying ("OSBEELS") for clarification regarding the lawfulness of his reclassification and the City's staffing arrangement. A meeting was held on June 11, 2010, between OSBEELS, Mr. Smeenk, and Mr. Faught. A follow-up letter was sent by OSBEELS that stated, "any unlicensed staff performing engineering work and not under the supervision and control of a professional is in violation of ORS 672.002." Decl. of Christopher Lundberg, Ex. H (#38). OSBEELS also wrote that "there is a difference in supervising personnel in a human resources manner and supervising an engineering work product." *Id.* OSBEELS did not provide an opinion that Mr. Smeenk needed to have supervisory authority over his coworkers.

Mr. Faught allegedly retaliated against Mr. Smeenk for contacting OSBEELS by issuing an oral reprimand with an accompanying memorandum to Mr. Smeenk's personnel file. The memorandum states that the reprimand was for failing to acknowledge the finality of the City

Administrator's decision and improperly circumventing the grievance process by soliciting the City Council.

### B. Second Alleged Protected Speech and Retaliatory Response

In 2014, the Engineering Services Coordinator, Scott Fleury, applied to OSBEELS for an Oregon engineering license. Mr. Smeenk completed a professional reference form and submitted it to OSBEELS as part of Mr. Fleury's application process. As reflected in meeting minutes dated August 2014, OSBEELS considered this reference form and noted that Mr. Smeenk had identified "potential practice violations." OSBEELS ultimately denied Mr. Fleury's application.

Mr. Smeenk alleges that Mr. Faught issued a non-disciplinary performance memorandum in retaliation for Mr. Smeenk's statements on the reference form. The performance memorandum was issued in February 2015 and makes no direct mention of Mr. Smeenk's comments on the reference form. The memorandum is four pages long and references various specific projects and issues related to Mr. Smeenk's employment. Decl. of Christopher Lundberg, Ex. N (#38). Mr. Faught alleges that the performance memorandum is in response to Mr. Smeenk's pattern of "inserting himself in other people's projects" despite being repeatedly told to stop. Def. Motion for Summ. Judgment, p. 5 (#30).

### C. Third Alleged Protected Speech and Retaliatory Response

On February 21, 2017, the Ashland City Council was scheduled to hold a meeting at City Hall. On the agenda was a consent item for approval to move forward with a project for a new water treatment plant ("WTP project"). Mr. Fleury was acting as the WTP project leader. Mr. Smeenk was not part of the WTP project, but nonetheless decided to review each of the bidding firm's proposals for the project and walked the proposed sites for the project.

Mr. Smeenk alleges that he had serious concerns regarding the project's propriety, the bidding process, and its readiness for the Council's approval. Plf. Opp. to Motion for Summ. Judgment, p. 8 (#37). Upon learning that the engineering services contract for the WTP project was going to be considered at the meeting, Mr. Smeenk made phone calls to the engineering firms that were not awarded the project to "confirm [his] assumptions." Def. Motion for Summ. Judgment, p. 7; Smeenk Depo 183:2-25; 184:1-14. Mr. Smeenk arrived at the City Council meeting shortly before it began and approached the City Attorney and City Administrator and advised them that if the WTP project was not pulled from the agenda pending further review, he would offer testimony to the City Council in opposition to its approval. Plf. Opp. to Motion for Summ. Judgment, p. 9. Mr. Faught ultimately agreed to remove the WTP project from the agenda.

Mr. Smeenk alleges that Mr. Faught retaliated against him for speaking to the City Attorney and City Administrator about the WTP project by placing him on administrative leave on February 22, 2018. Defendants claim that Mr. Smeenk was placed on administrative leave because it was discovered that Mr. Smeenk had called the unsuccessful bidders to discuss problems with the bidding process and because he had again interjected himself into a project he was not assigned to. A pre-dismissal hearing was held on March 15, 2017, and Mr. Smeenk's employment with the City was ultimately terminated on April 7, 2017.

## LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id.* at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

Defendants collectively move for summary judgement on all of Plaintiff's claims: (1) against Defendant Faught under 42 U.S.C. § 1983 for violation of his First Amendment right to freedom of speech; (2) against Defendant City of Ashland under ORS 659A.203 for whistleblower retaliation; and (3) against Defendant City of Ashland for common law wrongful discharge. After reaching these three issues, the Court will address Defendants' argument regarding the statute of limitations for recovery of damages.

### I. Defendants' motion for summary judgment on the issue of freedom of speech is denied.

Plaintiff's first claim for relief is asserted against Defendant Faught under 42 U.S.C. § 1983 for alleged retaliation after engaging in protected speech. The Court follows a five-step

burden shifting inquiry to determine whether an employer unlawfully retaliated against an employee for engaging in protected speech. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). Plaintiff bears the burden of showing: (1) that he spoke on a matter of public concern; (2) that he spoke as private citizen rather than as a public employee; and (3) that his protected speech was a substantial or motivating factor in the adverse employment action. *Robinson v. York*, 556 F.3d 817, 822 (9th Cir. 2009). If the plaintiff satisfies the first three steps, then the burden shifts to the employer to show: (4) that the employer had an adequate justification for treating the employee differently from other members of the general public; and 5) that the employer would have taken the adverse employment action even absent the protected speech. *Id.*

Whether a plaintiff spoke in his capacity as a public employee or as a private citizen is a mixed question of law and fact. *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1129 (9th Ci. 2008). A public employee speaks as a private citizen "if the speaker had no official duty to make the questioned statements, or if the speech was not the product of performing the tasks the employee was paid to perform." *Eng*, 552 F.3d at 171 (internal citation omitted).

Mr. Smeenk was a public employee when the allegedly protected speech occurred on all three occasions at issue in this case. Defendants argue that the issue of whether Mr. Smeenk spoke as a public employee during these three occasions is a matter of law for the Court to decide. However, Mr. Smeenk has raised issues of fact as to the scope of his job duties and whether his speech was required or motivated by his state-issued engineering license rather than a product of his employment with the City. The Court is cognizant of its role at summary judgment, which is not to weigh the evidence or make findings of fact. This role must be reserved for trial. Viewing the evidence in the light most favorable to Plaintiff as the non-

moving party, the Court finds that Plaintiff has met his burden of showing that there is a genuine issue for trial.

## II. Defendants' motion for summary judgment on the issue of whistleblower retaliation is denied.

Plaintiff's second claim for relief is asserted against the City of Ashland under ORS 659A.203 for whistleblower retaliation. To survive summary judgment on a whistleblower claim, a plaintiff must identify the existence of facts that he engaged in protected activity and the defendant retaliated against him in response to that activity. Protected activity under ORS 659A.203 is the "disclosure of any information that the employee reasonably believes is evidence of . . . violation of law, mismanagement, or abuse of authority." If the employer asserts a non-discriminatory reason for the employee's termination, the plaintiff must show that the employer would not have made the same decision absent a discriminatory motive. *Huitt v. Optum Health Servs.*, 216 F.Supp.3d 1179, 1190 (*citing Merrill v. M.I.T.C.H. Charter Sch. Tigard*, No. 10-cv-219-HA, 2011 WL 1457461, at *7 (D. Or. Apr. 4, 2011); *see also Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011) (applying burden-shifting framework to state and federal claims).

Defendants argue that Plaintiff did not engage in protected activity because (1) Mr. Smeenk made no public disclosures of previously unknown activities during the course of his internal complaints; and (2) Mr. Smeenk had no reasonable belief that a violation of law, mismanagement, or abuse of authority was occurring when he voiced his concerns over the 2017 WTP project. Defendants further argue there is no causal link between Mr. Smeenk's allegedly protected speech in 2010 and 2014 and his employment termination in 2017. While these arguments may prove successful at trial, Mr. Smeenk adequately carried his burden for summary judgment by showing that he disclosed to the City Administrator and City Attorney his concerns

Page 7 of 9 – OPINION & ORDER

of alleged irregularities in the WTP project's bidding process and the risk of million-dollar cost overruns. The reasonableness of Mr. Smeenk's belief that the City's handling of the WTP project involved gross mismanagement and abuse of authority is a question of fact for the jury to decide at trial.

### III. Defendants are entitled to summary judgment on the issue of common law wrongful discharge.

Under Oregon law, the availability of a common law wrongful discharge claim depends upon the absence of an adequate statutory remedy. *Huff v. City of Portland*, 2006 WL 57212 (D. Or. 2006); *Price v. Multnomah Cty.*, 132 F.Supp.2d 1290, 1295 n.6 (D. Or. 2001). Plaintiff raises no additional facts beyond those at issue in the prior two claims to support his wrongful termination claim. Plaintiff has an adequate statutory remedy under both 42 U.S.C. § 1983 and ORS 659A.203. Therefore, his claim for wrongful discharge is dismissed.

### IV. The statute of limitations bars recovery for certain acts of alleged retaliation brought under ORS 659A.203 and 42 U.S.C. § 1983.

Plaintiff asserts his statutory state law claim under ORS 659A.203 and his federal constitutional claim under 42 U.S.C. § 1983 to recover for injuries suffered as a result of the alleged retaliation described above. The applicable statute of limitations for claims asserted under ORS 659A.203 is one year from the date of the alleged act of retaliation. *See* ORS 659A.875(1). There is no statute of limitations contained within the language of 42 U.S.C. § 1983, but the consensus of the Ninth Circuit is that "the applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions." *Carpinteria Valley Farms, Ltd. V. Cty. Of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003) (*citing Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001)). In Oregon, the statute of limitations for personal injury actions is two years. ORS 12.110.

Plaintiff filed this lawsuit on September 18, 2017. Therefore, his claims for damages resulting from the 2010 oral reprimand with an accompanying memorandum (Complaint ¶ 14) and the February 2015 performance memorandum (Complaint ¶ 22) are barred by the applicable statutes of limitations. Any factual assertions or arguments related to the alleged illegal nature of those acts may still be relevant for trial, but are immaterial to the issue of damages. Plaintiff's claims for damages resulting from the alleged retaliatory acts of placing him on administrative leave and terminating his employment remain at issue for trial.

## CONCLUSION & ORDER

Defendants have presented evidence that Plaintiff, after years of warnings about staying within his assigned job duties and responsibilities, was finally terminated for insubordination for contacting unsuccessful bidders for a proposed waste water treatment facility and unwillingness to change his unauthorized behavior. Plaintiff however argues that he was at all times acting within his responsibilities as a licensed engineer for the City and for the benefit of city residents. He claims the City terminated him for exercising his First Amendment rights and in retaliation for whistleblower conduct. This is a dispute that a jury will need to resolve. For these reasons and those stated above, Defendant's motion for summary judgment (#30) is GRANTED in part and DENIED in part.

It is so ORDERED and DATED this 25 day of January, 2019.

MARK D. CLARKE
United States Magistrate Judge