IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PIETER SMEENK,                                    Case No. 1:17-cv-01466-CL

               Plaintiff,

     v.

                                   OPINION & ORDER

MICHAEL FAUGHT, and THE CITY OF
ASHLAND,

               Defendants.

_____

CLARKE, Magistrate Judge.

This case comes before the Court on Plaintiff's Motion for Attorney Fees (#120).

Plaintiff Pieter Smeenk filed this action on September 18, 2017, alleging violations of free

speech rights under 42 U.S.C. § 1983, retaliation for engaging in whistleblower activity under

ORS 659A.203, and common law wrongful termination (#1). Litigation proceeded for nearly 1.5

years, with no substantive motions filed until Defendant's Motion for Summary Judgement. The

Court found that Defendants were entitled to summary judgment on the issue of common law

wrongful discharge, but genuine factual disputes remained as to Plaintiff's free speech and

whistleblower retaliation claims. Plaintiff presented three instances of alleged protected activity that resulted in retaliation, with the first two instances occurring in 2010 and 2015, and the last instance occurring in 2017. On summary judgment, the Court found that Plaintiff's first two alleged instances of retaliation were barred by the applicable statute of limitations. *See* Opinion and Order at 9 (#51). After summary judgment and shortly before trial, Plaintiff voluntarily dismissed his 42 U.S.C. § 1983 claim against Defendant Michael Faught (#89), and withdrew his claim for non-economic damages (#75).

On March 18, 2019, the case proceeded to trial solely on Plaintiff's whistleblower retaliation claim. The jury rendered a verdict in Plaintiff's favor in the amount of $259,637 for economic damages (#116). Judgment was entered on the verdict on March 26, 2019 (#118). Subsequently, Plaintiff filed a Motion for Attorney Fees (#120), seeking an award of his attorney fees in the amount of $413,083, as well as a Bill of Costs (#119) for taxable costs in the amount of $16,905.45. Defendant does not object to Plaintiff's Bill of Costs, but does dispute the reasonableness of the requested attorney fees award. For the reasons set forth below, Plaintiff's Motion for Attorney Fees is GRANTED in part and DENIED in part.

## LEGAL STANDARD

The prevailing party is entitled to recover his fees, expenses, and costs reasonably incurred to achieve success pursuant to ORS 659A.885. *See also* Fed. R. Civ. P. 54(d) (prevailing party entitled to costs and attorney fees if provided by statute, rule, or order); LR 54-1; 54-3 (providing same).

The Ninth Circuit has adopted the "lodestar" method for calculating attorney fees. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Hensley*

*v. Eckerhart*, 461 U.S. 424, 433 (1983); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986).  The court must then decide whether to enhance or reduce the lodestar figure by evaluating a number of factors.  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

The court may adjust the lodestar to account for factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Kerr v. Screen Actors Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  The court need only consider the factors not already subsumed in the initial lodestar calculation.  *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000).

There is a strong presumption that the lodestar method produces a reasonable figure and should only be enhanced or reduced in exceptional circumstances.  *Del. Valley Citizens*, 478 U.S. at 565; *Fischer*, 214 F.3d at 1119 n.4.  Courts have discretion, however, to adjust the lodestar figure either: (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable, *Hensley*, 461 U.S. at 435-36, or (2) upward in "rare" and "exceptional" cases.  *Del. Valley Citizens*, 478 U.S. at 565.

## DISCUSSION

Plaintiff seeks an award of $413,083 in attorney fees and $16,905.42 in costs.  Defendant objects to the requested award amount on the following grounds: 1) the rate sought for paralegal

work is unreasonable; 2) the number of hours claimed and overall time billed is unreasonable; and 3) a multiplier is not warranted. Defendant argues that if Plaintiff is awarded fees, his reasonable fees are $183,619.40. Defendant does not object to the amount in Plaintiff's Bill of Costs.

### A. Reasonable Hourly Rate

The calculation of reasonable attorney fees begins with the lodestar calculation. The Court must therefore determine the reasonable hourly rate and multiply that rate by the number of hours reasonably expended in the case. Here, Defendant does not object to Mr. Lundberg's and Mr. Malmsheimer's respective rates of $300-$325 and $275-$300 per hour. Defendant does object to the requested rate of $175 per hour for paralegal work.

The Oregon State Bar Economic Survey does not include information about hourly rates charged by paralegals in Oregon. In assessing claims for paralegal fees, courts within this District have noted that "a reasonable hourly rate for a paralegal should not exceed that of a first year associate." *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1248 (D. Or. 2013). That determination is not the end of the inquiry, however, as "the attorney hourly rate is used as a ceiling and is not by itself determinative of a reasonable hourly rate." *Id.* at 1249. Courts look closely at the educational and occupational background of the paralegal in question when crafting a reasonable rate. *Id.*; *see also Muller v. County Mut. Ins. Co.*, No. 3:14-cv-01345-MO, 2017 WL 6209701, at *9 (D. Or. Dec. 8, 2017) ("I do not find reasonable the requested $150 hourly rate, because it is unclear from the record whether Ms. Calcagno has a paralegal certification, or how long she has been a paralegal rather than a legal assistant."). The prevailing market rate for paralegal fees, as noted in the 2012 Morones Survey, is generally

considered a reasonable rate. *Prison Legal News v. Columbia County*, Case No. 3:12-cv-00071-SI, 2014 WL 1225100 *9 (D. Or. March 24, 2014).

In this case, Plaintiff submits that Scott Rathebone has over 25 years of experience as a paralegal with the firm, and Nina Festa has "more than a decade of paralegal experience." Plaintiff's Reply at 6 (#133). It does not appear from this record that either paralegal has a degree or certification qualifying them as paralegals. The $175 hourly rate for paralegals is below the hourly rate for the firm's associates, who were billed at between $240 and $275 per hour. Lundberg Decl., Ex. 1 at 18 (#121). Plaintiff asserts that the median rate charged for paralegal time in the Portland area is $166.50 per hour. Defendant argues that the median rate of $90 per hour for paralegals in Southern Oregon is the correct figure to apply. However, there are very few employment lawyers that practice in federal court here in Southern Oregon, so it was reasonable for Plaintiff to use a Portland based firm. Considering all these factors, the Court concludes that a paralegal rate of $166 per hour is reasonable in this case.

### B. Reasonable Number of Hours

The party seeking the fee award bears the burden of demonstrating the number of hours spent was reasonably necessary to the litigation and that counsel made "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. This burden can be satisfied by submitting documentary evidence supporting the hours worked and fees claimed. *Id.* at 433; *United States v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015). Fee petitions that include inadequate detail or that fail to separate time for individual tasks may be totally or partially denied or apportioned accordingly. *See Fischer*, 214 F.3d at 1121 (noting district court has authority to reduce or deny

fee requests that are "poorly documented."). Reasonable time spent in preparing a fee petition is generally recoverable. *Guerrero v. Cummings*, 70 F.3d 1111, 1112 (9th Cir. 1995).

Plaintiff is seeking 513.8 hours for Mr. Lundberg, 432.5 hours for Mr. Malmsheimer, 99.5 hours for Associate Brickenstein, 3.2 hours for Associate Griffith, and 52.4 hours for paralegals Festa and Rathbone.

### i.     *Duplicative, Redundant, or Excessive Hours*

Fees may be reduced for expenses that appear excessive, redundant, or otherwise unnecessary in light of the tasks performed. *Hensley*, 461 U.S. at 434. Moreover, the courts of this District routinely exclude from the lodestar calculation any time entries indicating that more than one lawyer performed the same task:

> A party is certainly free to hire and pay as many lawyers as it wishes, but cannot expect to shift the cost of any redundancies to its opponent. Instead it can only shift the reasonable attorney fee expended. A fee that is "not excessive" may still be unreasonable. When attorneys hold a telephone or personal conference, good "billing judgment" mandates that only one attorney should bill that conference to the client, not both attorneys. The same good "billing judgment" requires attorneys not to bill for more than two attorneys to review pleadings or to attend oral argument.

*Lemus*, 876 F. Supp.2d at 1179 (quoting *Nat'l Warranty Ins. Co. v. Greenfield*, No. CV-97-1657-ST, 2001 WL 34045734, at \*5 (D. Or. Feb. 8, 2001)).

Defendant challenges a number of billing entries as duplicative, redundant, or excessive. The Court has reviewed the record and, for the sake of brevity, will only address those entries where it finds in favor of Defendant's objections.

Mr. Lundberg and Mr. Malmsheimer began preparing for the depositions of Mr. Faught and Mr. Karns on May 3, 2018 and continued to make billing entries referencing deposition preparations up until May 29, 2018, when it appears Mr. Lundberg traveled to Medford, Oregon to take the depositions. In total, Mr. Lundberg spent 52.2 hours preparing for the depositions, not

including travel time or time spent taking the depositions. Considering that Mr. Lundberg had already spent significant amounts of time prior to May 3, 2018 reviewing documents and familiarizing himself with the facts of the case, the Court agrees that 52.2 hours preparing for two depositions is excessive. The Court therefore reduces Mr. Lundberg's hours preparing for these depositions from 52.2 to 26.1.

Mr. Malmsheimer also spent a considerable amount of time preparing for these same two depositions, although he did not attend them. Defendant argues that 17.9 hours of Mr. Malmsheimer's time spent preparing for these two depositions should be excluded from the award as redundant time. However, after reviewing the billing entries and considering the benefits of a collaborative approach, the Court concludes that some of Mr. Malmsheimer's time spent assisting Mr. Lundberg is reasonable. The Court therefore reduces Mr. Malmsheimer's hours preparing for these depositions by 13.5 hours.

Defendant filed a Motion for Summary Judgment on September 17, 2018. Plaintiff filed a 28-page response on October 26, 2018. During that time, Mr. Lundberg billed 40.5 hours working on the response brief, while Mr. Birkenstein billed 75.4 hours working on the same response brief. Billing 115.9 hours for a 28-page response brief is excessive, especially from two experienced attorneys that have already spent considerable amounts of time familiarizing themselves with the case. The billing statement submitted by Mr. Lundberg (#121-1) shows that both attorneys were actively working on the brief at the same time. More specifically, out of Mr. Lundberg's 40.5 hours, he billed 11.3 hours for "reviewing and modifying the facts section," which was later substantially re-written by Mr. Birkenstein. *See* Lundberg Decl., Ex. 1 at 10 (#121-1) ("Continued work on brief including substantial rewrite of facts section," billed at 8.1 hours). The Court is not convinced that it was necessary for both attorneys to spend so much

time on one brief. The Court therefore reduces Mr. Lundberg's time by 20 hours and reduces Mr. Birkenstein's time by 37 hours.

On February 14, 2019, Mr. Lundberg billed 7.8 hours for "[c]ontinue working on filing numerous pretrial filings and related matters." On the same day, Mr. Malmsheimer billed 7.1 hours for "[d]raft trial memo; prepare exhibit list; prepare witness list; prepare expert witness list." Lundberg Decl., Ex. 1 at 12 (#121-1). It appears that motions in limine were not drafted until the following week, and several other entries were made by both attorneys referencing pretrial filings. Therefore, the Court finds Mr. Lundberg's 7.8 hours spent on pretrial filings duplicative to the efforts of Mr. Malmsheimer.

In total, the Court finds the following amount of hours excessive, redundant, or duplicative: 46.1 hours billed at $300 per hour and 7.8 hours billed at $325 per hour claimed by Mr. Lundberg; 13.5 hours billed at $275 per hour claimed by Mr. Malmsheimer; and 37 hours billed at $240 per hour claimed by Mr. Borkenstein.

### ii. *Clerical and Paralegal Tasks*

Defendant argues that the 16 hours of paralegal work should be excluded from the award as clerical tasks and 18.4 of Mr. Malmsheimer's hours should be billed at the reduced paralegal rate. "Costs associated with clerical tasks are typically considered overhead expenses in an attorney's hourly billing rate, and are not properly reimbursable." *Lemus v. Timberland Apartments, LLC*, 876 F. Supp.2d 1169, 1179 (D. Or. 2012); *see also Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing fees for clerical tasks such as filing and organization). It is well settled that the court may reduce an attorney's hours for time spent performing clerical work. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (noting the dollar value of non-legal work is "not enhanced" because it was performed by a lawyer); *Sterling v. Savings Bank v.*

*Sequoia Crossing LLC*, Civ. No. 09-555-AC, 2010 WL 3210855, at *7 (D. Or. Aug. 11, 2010) ("Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents.").

With respect to work performed by a paralegal, the Court must distinguish between clerical work, which is not recoverable, and the more substantive tasks that justify the employment of a paralegal. In *Key Bank, N.A. v. Van Noy*, 598 F. Supp.2d 1160 (D. Or. 2009), the court granted fees for a paralegal performing "tasks which required the application of certain legal knowledge and the exercise of judgment," but not for secretarial tasks. *Id.* at 1165. "Paralegal costs may be recoverable 'only to the extent that the paralegal performs work traditionally done by an attorney.'" *Id.* at 1166 (quoting *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982)).

In this case, paralegal Festa billed 4 hours to "[d]ownload, print, and organize client documents received: prepare index of larger document sets (sic) for attorney review." The Court agrees that such a task does not require certain legal knowledge or is traditionally done by an attorney, and more closely resembles a secretarial task.

Defendant further objects to 12 hours billed by paralegal Rathbone as clerical. After review of these billing entries, the Court concludes that some of this time was necessary for preparing exhibits for presentation at trial, but 1.9 of these hours appear clerical in nature.

With respect to hours claimed by Mr. Malmsheimer, Defendant argues 18.4 hours were spent performing paralegal tasks and should be billed at the reduced paralegal rate of $166 per hour. The Court has reviewed the challenged entries, which all relate to reviewing/preparing documents or videos for deposition or trial, and is convinced that 3.9 of these hours can reasonably be reduced to a paralegal rate. As to the other 14.5 hours, it is reasonable for

attorneys to prepare documents or videos for deposition and trial, as they will be the persons relying on those documents and videos.

In total, the Court reduces total paralegal hours by 5.9 hours, and further coverts 3.9 of Mr. Malmsheimer's hours from a $300 per hour rate to a reduced paralegal rate of $166 per hour.

### iii. Block Billing

"The courts of the District of Oregon have for many years acknowledged the problem of 'block billing' attorney time expenditures for fee petition purposes." *Ayala v. Cook Family Builders, LLC*, 3:17-CV-266-PK, 2018 WL 1631453, at *4 (D. Or. Mar. 6, 2018) (citing *Frevach Land Co. v. Multnomah Cnty.*, No. CV-99-1295-HU, 2001 WL 34039133, at *10-12 (D. Or. 2001)).

> For purposes of fee petitions filed in the District of Oregon, block billing is defined as any time entry of three or more hours either containing four or more tasks or, in the alternative containing two or more tasks, where at least one of the tasks could have taken anywhere from a small to a substantial amount of time. Notwithstanding the foregoing, closely related but discretely identified block-billed tasks will be aggregated into a single task for purposes of determining whether the District of Oregon's prohibition against block billing has been violated. Because the practice of block billing systematically impairs the court's ability to ascertain the reasonableness of an attorney's time expenditures, the courts of the District of Oregon have of long standing adopted the practice of eliminating block-billed time entries in their entirety from the lodestar calculation.

*Ayala*, 2018 WL 1631453, at *4 (internal citations omitted).

Courts may also "impose a small reduction, no greater than 10 percent—a 'haircut'— based on its exercise of discretion and without a more specific explanation." *Moreno*, 534 F.3d at 1112; *O'Connor v. Cnty. of Clackamas*, 2016 WL 3063869, at *4 (D. Or. May 31, 2016) (applying the "haircut" reduction after eliminating specific billing entries).

Defendant argues that a 10% "haircut" is necessary in this case because all of the time entries are block-billed or so vague that it is impossible to conduct a verifiable review of the

entries to determine if the time billed is reasonable. The Court has conducted a thorough review of the billing entries and agrees that at least one entry is so vague that it seems to be made in error. Mr. Lundberg's billing entry of .5 hours for time spent "working on _____ related issues" on November 16, 2017 is excluded from the lodestar calculation. Although other entries flirt with the impermissible practice of block billing, the Court does not believe that an overall 10% "haircut" for block billing is necessary in this case.

### iv.    *Unsuccessful Claims*

Defendant challenges a number of hours claimed by Plaintiff that were spent pursuing unsuccessful or partially successful claims. Where a plaintiff succeeds on only some of his claims, the Supreme Court has adopted a two-part test to determine whether a requested fee should be reduced: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley*, 461 U.S. at 434.

Under *Hensley*'s two-part test, if the unsuccessful and successful claims are unrelated, the fee award may not include fees for time spent litigating the unsuccessful claims. *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986). Related claims "involve a common core of facts or [are] based on related legal theories." *Id.* (internal quotation marks and citation omitted). Unrelated claims are "distinctly different" and based on disparate facts and legal theories. *Id.* Factors that may be relevant in determining relatedness include whether the different claims were designed to seek relief for the same course of conduct, whether the claims were presented separately, whether testimony on claims overlapped, and whether evidence concerning one claim was material and relevant to another. *Id.*

If the unsuccessful and successful claims are related, the court must apply the second part of the *Hensley* test and gauge the overall success of plaintiff in relation to the hours expended. *Id.* "If the plaintiff obtained 'excellent results,' full compensation may be appropriate, but if only 'partial or limited success' was obtained, full compensation may be excessive." *Id.* (quoting *Hensley*, 461 U.S. at 435-37).

Here, Plaintiff brought three claims in his complaint for which he sought $1,288,316.20 in damages: (1) violations of free speech rights under 42 U.S.C. § 1983, (2) retaliation for engaging in whistleblower activity under ORS 659A.203, and (3) common law wrongful termination. Plaintiff's common law wrongful termination claim was dismissed on summary judgment, and his free speech § 1983 claim was voluntarily dismissed shortly before trial. Therefore, Plaintiff succeeded at trial on only his whistleblower retaliation claim for which he was awarded $258,617 in economic damages.

Defendant challenges 6.6[1] of Mr. Malmsheimer's hours as time directly attributable to Plaintiff's unsuccessful § 1983 claims. These entries are billed as time researching the "viability and potential impact of dismissal of Section 1983 claim" and discussing this decision with Mr. Lundberg as well as informing Defendant and the Court of the decision to dismiss the claim. The Court agrees that this time is directly attributable to an unsuccessful claim and should be excluded from the lodestar calculation.

Plaintiff's claims were related as they were designed to seek relief for the same course of conduct and evidence concerning each claim was the same. Moreover, the time Plaintiff spent pursuing the successful and unsuccessful claims through litigation is undifferentiated. Plaintiff ultimately pursued and recovered only $258,617 in damages at trial out of the $1,288,316.20 that

---

[1] Defendant totals the challenged time as 6.1 hours, but when adding up the challenged March 6, 2019 entries plus the .5 portion of the March 7, 2019 entry, the total number of challenged hours is actually 6.6.

he alleged in his Complaint. Based on the amount actually sought and recovered at trial, it appears that about $1,000,000 of Plaintiff's damages were attributed to either the free speech § 1983 claim or the wrongful termination claim. Had Plaintiff made the strategic decision to dismiss his free speech § 1983 claim and claim for non-economic damages earlier in the litigation, rather than on the eve of trial, this case may have settled prior to trial. Under these circumstances and upon consideration of the scope of the litigation relative to the results achieved, the Court concludes that a 10% reduction in compensation is reasonable.

### C. Multiplier

Courts may adjust the lodestar amount up or down when appropriate. "The lodestar amount is presumptively the reasonable fee, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citations and internal quotations omitted).

This case went to trial on one claim of whistleblower retaliation. There are no "rare" or "exceptional" circumstances here that would warrant adjusting the lodestar amount.

### D. Total Reasonable Award

After applying the reductions discussed above, the Court finds that the following figures represent the total reasonable award, based on the lodestar method. Mr. Lundberg reasonably billed 189.5 hours at $300 per hour and 269.9 hours at $325 per hour, for a total fee of $144,567.50. Mr. Malmsheimer reasonably billed 101 hours at $275 per hour and 307.5 hours at $300 per hour, for a total fee of $120,025.00. Mr. Malmsheimer also reasonably billed 3.9 hours at a reduced paralegal rate of $166 per hour, for a total fee of $647.40. Mr. Brickenstein

reasonably billed 39.9 hours at $240 per hour and 22.6 hours at $275 per hour, for a total fee of

$15,791.00. Mr. Griffith reasonably billed 3.2 hours at $250 per hour, for a total fee of $800.

Paralegal Mr. Rathbone reasonably billed 46.5 hours at $166 per hour, for a total fee of

$7,719.00. After applying a 10% reduction under *Hensley* to account for time spent on

unsuccessful claims, the total reasonable fee award in this case is $260,594.91.

## ORDER

For the reasons set forth above, Plaintiff's Motion for Attorney Fees (#120) is

GRANTED in part and DENIED in part. Plaintiff is awarded attorney fees in the amount of

$260,594.91. The Clerk is directed to tax Plaintiff's Bill of Costs (#119).

It is so ORDERED and DATED this 29 day of July, 2019.

MARK D. CLARKE
United States Magistrate Judge